UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DALE A. BATES,

                Plaintiff,

                -v.-                              9:10-CV-0231
                                                  (GLS)(DEP)

GEORGE J. WILLIAMS,

                Defendant.

---

APPEARANCES:

DALE A. BATES[1]
96-A-6115
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

**I.   Background**

Plaintiff Dale A. Bates commenced this action by filing a *pro se* civil rights complaint and an *in forma pauperis* application. Dkt. Nos. 1, 2.

**II.   Initial screening**

Turning to Bates' *in forma pauperis* application, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b) provides that an inmate who seeks *in forma pauperis* status is required to pay, over a period of time, the full amount of

---

[1] Bates identifies himself in the caption of his complaint as "8507 Dale A. Bates AFXH." *See* Dkt. No. 1 at 1.

the filing fee provided for in 28 U.S.C. § 1914(a) which is currently $350.00. In accordance with the Local Rules of Practice of the Northern District of New York, all such inmates are required to execute a signed, fully completed and properly certified *in forma pauperis* application as well as the authorization form issued by the Clerk of the Court's Office. *See* N.D.N.Y.L.R. 5.4(b).

While it appears that Bates may be indigent, he has not submitted the authorization form required by this District. Accordingly, Bates' application to proceed *in forma pauperis* is denied **without prejudice**.

Because Bates' complaint seeks redress from a governmental employee, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee). Additionally, since in this case Bates **seeks** to proceed *in*

*forma pauperis* and could cure the deficiency in his *in forma pauperis* application by filing a signed inmate authorization form, the complaint may also be reviewed under 28 U.S.C. § 1915(e) which directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints). Thus, under both of these sections, it is the court's responsibility to determine whether Bates may properly maintain the complaint that he filed in this District.

When reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*,

162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 129 S.Ct. at 1949 (citing Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Allegations which "are so vague as to fail to give the defendants adequate

4

notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed.Appx. 102, 104 (2d Cir. 2009).

### A.   Claims relating to the filing of court papers

In his complaint, Bates seems to allege that on several occasions, Bates sent papers to the Oswego County Clerk's Office for filing with the court but that defendant Williams, the Oswego County Clerk, sent the papers back to Bates unfiled with instructions for Bates to either file his documents elsewhere, provide additional documents to the Clerk, or to sign or have notarized certain documents in marked locations.[2]  Dkt. No. 1 at 1-3. Bates appears to claim that the corrections were not necessary.[3]  Bates also claims that defendant was the ringleader or boss of a "Rico" conspiracy that involved other county employees including the Deputy Clerk and the Supervisor of the Department of Motor Vehicles. *Id.* at 1-2.  Bates does not describe the nature of the conspiracy involved nor does he name any of the other co-conspirators as defendants.

The law in this Circuit clearly provides that "[j]udges enjoy ***absolute***

---

[2] For example, Bates claims that he was told that if he wished his papers to be filed at the federal level, he should submit them to the Syracuse branch of the federal court system. Dkt. No. 1 at 2.  Papers were also allegedly sent back to Bates with red arrow stickers telling Bates to "sign here." *Id.* at 3.

[3] Bates alleges, for example, that his papers were returned to him with instructions to submit a summons, even though he had included the summons. Dkt. No. 1 at 2.  Bates claims that he has the summons "with [the clerk's office] fingerprints" to prove guilt. *Id.*

***immunity*** from personal liability for 'acts committed within their judicial jurisdiction.'"  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)).  "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Young*, 41 F.3d at 51 (internal quotations omitted). "A court's inherent power to control its docket is part of its function of resolving disputes between parties" and a function for which judges and their clerks are afforded absolute immunity. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also Kampfer v. Rodriguez*, No. 97-CV-739, 1998 WL 187364, at *2 (N.D.N.Y. Apr. 15, 1998) (Pooler, D.J.). Court clerks enjoy absolute immunity even for functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court. *Rodriguez*, 116 F.3d at 66. "[T]he 'Clerk's Office activities of filing and docketing legal documents' are an 'integral part of the judicial process' and are entitled to absolute immunity." *McKnight v. Middleton*, No. 08-CV-3896, 2010 WL 1221431, at *14 (E.D.N.Y. Mar. 29, 2010) (quoting *Pikulin v. Gonzales*, No. 07-Civ.-412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007).

    In this case, Bates alleges that he sent papers to the defendant for filing, who returned them to Bates for correction or supplementation.  Since each court

is entitled to establish procedures and requirements for the filing of papers, defendant's actions - *i.e.* directing Bates' to correct his papers before they would be accepted for filing - constitute an integral part of the judicial process and are shielded from liability by judicial immunity. Accordingly, Bates' claims against Oswego County Clerk Williams in this regard are dismissed with prejudice as Williams is entitled to absolute immunity.

### B.     Remaining allegations

The remaining allegations set forth in Bates' complaint are frivolous or fail to state a claim upon which relief may be granted.  Bates alleges, among other things, that he was criminally imprisoned and kidnapped and taken to Downstate Correctional Facility by "government punks."  Dkt. No. 1 at 8-9.  Bates also seems to claim that he was incarcerated with "no courtroom involvement" and that he should not have been prosecuted in Cayuga County for crimes that he allegedly committed in his "own driveway," which is in Oswego County.  *Id.* at 7-9.  Much of the complaint is a rambling list of names and addresses of persons or entities which seems to bear no relationship whatsoever to Bates' claims against defendant Williams.[4]   Reading the complaint liberally, as the Court must do, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (courts must construe *pro*

---

[4] For example, Bates makes reference to the wife of Richard B. Cheney, President Obama, George Bush, and the New York Post, and includes their purported addresses. Dkt. No. 1 at 5-6.

7

*se* complaints liberally), Bates' complaint also asserts claims of conspiracy and alleges that he was wrongfully convicted or incarcerated.

**1.   Conspiracy**

Bates claims that the defendant is the boss or ringleader of a conspiracy. A conspiracy claim under Section 1983 must allege that: (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff and (2) an overt act was committed in furtherance of that goal. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *Ciambriello*, 292 F.3d at 325; *see also Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Brown v. City of Oneonta,* 106 F.3d 1125, 1133 (2d Cir. 1997) (complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief). The complaint does not contain any allegations to support a "plausible" conspiracy claim involving the defendant. "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, No. 07-CV-3753, 2008 WL

4394681, at *9 (E.D.N.Y. Sep. 23, 2008) (citing *Twombly*, 127 S.Ct. at 1965). Moreover, the law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted).

### 2. Challenge to conviction or fact of incarceration

Bates also seems to challenge the constitutionality of his conviction or incarceration but does not allege that defendant was personally involved in his arrest, trial, conviction, or incarceration. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)). Moreover Bates may not raise such challenges pursuant to 42 U.S.C. § 1983. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court held that a § 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck*, 512 U.S at 487, 114 S.Ct. at 2372 (internal citation omitted). Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

### 3. Frivolous claims

As stated earlier, Bates' complaint contains an extensive list of names and addresses of persons not remotely connected to his claims. Dkt. No. 1 at 4-6. The complaint also includes stream-of-consciousness ramblings that fail to state any cognizable claim against anyone. *Id.* at 6-12. For example, Bates states that he is "with eyes and ears of full globe planet Earth and history run same of this new, land, waters as a world new nation - named - D-1-34 and or ours of the father, the son, sun, and the Holly Ghosts of 8507 Mr. Dale Albert Bates AFXH the only, I, government and the prisend [*sic*] of the USA State full of Vermont same and below Rt 66 on the state of New Mexico with." *Id.* at 11. Even after allowing for due deference to his *pro se* status, Bates' conclusory, rambling, and at time incomprehensible allegations fail to state a claim for the violation of his civil and constitutional rights upon which relief may be granted by the Court. *See Prezzi v. Schelter*, 469 F.2d 691, 691 (2d Cir. 1972) (affirming the dismissal of a complaint which "contained a labyrinthian prolixity of unrelated and

vituperative charges that defied comprehension [and] failed to comply with the requirement of Rule 8. F.R.Civ.P.").

## III.   Conclusion

Even under the most generous of readings, Bates' complaint fails to state any claim upon which relief may be granted.  The Court finds that, because Bates seeks monetary relief from a defendant who is absolutely immune from such relief, is in many respects patently frivolous, and fails to state a claim for which relief may be granted under Section 1983, this action is **dismissed without leave to amend**.[5]

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED** that Bates' *in forma pauperis* application is **DENIED without prejudice** as incomplete; and it is further

**ORDERED** that this action is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)

---

[5] Generally, when the court dismisses a pro se action *sua sponte*, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice); *cf. Gomez*, 171 F.3d at 796 (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."), accord, *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.  2007).  Here, for the reasons discussed above, the Court finds that the problems with Bates' claims  are substantive.  As a result, providing an opportunity to amend would be futile.

11

and 1915A for Bates' failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Bates.

May 25, 2010

*[signature]*
United States District Court Judge